UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON SMITH,

                            **Plaintiff,**

v.

                                                                     9:15 -CV-0496 (BKS/ATB)

**M. HAMILTON,** *Correctional Officer; Riverview Correctional Facility, et al,*

                            **Defendants.**
_____

**Appearances:**

**Jason Smith**
New York, NY 10027
Plaintiff, pro se

**Oriana L. Carravetta, Esq.**
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Hon. Brenda K. Sannes, U. S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

      Plaintiff pro se Jason Smith brought this action against defendants under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was an inmate at Riverview Correctional Facility. Dkt. No. 1. In a July 27, 2015 Decision and Order, the Court determined that the following claims survived sua sponte review under 28 U.S.C. §§ 1915(e)(2)(B) and

1

1915A(b), and required a response: (1) the Fourteenth Amendment due process claims against defendants A. Rufa, Albert Prack and C. Hillenbrand; (2) the First Amendment retaliation claim against defendant M. Hamilton; and (3) the supervisory claim against defendant John Doe. Dkt. No. 5, p. 18.

On November 6, 2015, defendants filed a motion for partial summary judgment under Fed. R. Civ. P. 56 on the First Amendment retaliation claim for failure to exhaust administrative remedies, and for partial dismissal under Fed. R. Civ. P. 12(b)(6) of the due process claims for failure to state a claim on which relief may be granted. Dkt. No. 12. Plaintiff filed a response in opposition. Dkt. No. 23.

This matter was assigned to United States Magistrate Judge Andrew T. Baxter, who issued a Report-Recommendation and Order on April 1, 2016, recommending that the motion be granted in part and denied in part. Dkt. No. 27. Magistrate Judge Baxter recommended that defendants' motion for summary judgment as to the First Amendment retaliation claim be granted, based upon the failure to exhaust administrative remedies, and that the complaint be dismissed in its entirety as to defendant Hamilton and as to a First Amendment retaliation claim. Dkt. No. 27, pp. 23-24. Magistrate Judge Baxter recommended that the motion to dismiss the due process claims against defendants Rufa, Prack and Hillendbrand be denied. Dkt. No. 27, at 23-24. Magistrate Judge Baxter advised the parties that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. *Id.*

Plaintiff did not file an objection to the Report-Recommendation.[1] Defendants filed an objection to the Report-Recommendation, objecting to Magistrate Judge Baxter's determination that the Plaintiff had alleged a sufficient liberty interest for his due process claim. Dkt. No. 29. For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

To survive a motion to dismiss a complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the "court must accept as true all of the allegations contained in a complaint . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that is filed *pro se* must be construed liberally, "interpreting it to raise the strongest claims that it suggests." *J.S. v. T'Kach*, 714 F.3d at 103.

## III. Discussion

The Court has reviewed Magistrate Judge Baxter's determination that plaintiff failed to exhaust his administrative remedies as to his First Amendment retaliation claim for clear error,

---

[1] The Report-Recommendation was served on Plaintiff at Auburn Correctional Facility on April 1, 2016. On April 5, 2016, Plaintiff filed a notice of change of address with the Court. Dkt. No. 28. The Clerk resent the Report-Recommendation to Plaintiff at his new address on April 6, 2016.

3

and found none. The Court accordingly adopts Magistrate Judge Baxter's Report-Recommendation in its entirety as to Defendants' motion for partial summary judgment under Fed. R. Civ. P. 56 as to the First Amendment retaliation claim and as to defendant Hamilton.

With respect to Plaintiff's due process claim, Defendants have objected to Magistrate Judge Baxter's rationale for concluding that Plaintiff has alleged a sufficient liberty interest. Dkt. No. 29, p. 1. Specifically, Defendants argue that: (1) Plaintiff has failed to allege atypical and significant hardship for a 90-day confinement in Special Housing Unit ("SHU"); (2) the loss of conditional release or merit board eligibility does not implicate a liberty interest; and (3) Plaintiff's allegation that he suffered "extreme emotional distress due to the evil intentions, willful and malicious conduct, and retaliation, [and] discrimination" is conclusory and irrelevant to the liberty interest analysis. (Dkt. No. 29, pp. 1-2).[2]

As Magistrate Judge Baxter noted, to establish a due process claim Plaintiff had to show: "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (citation and internal quotation marks omitted); Dkt No. 27 p. 18. In this case Plaintiff challenges the due process procedures regarding a disciplinary hearing that resulted in a 90-day SHU sentence. Dkt.

---

[2] In light of the Court's ruling regarding the sufficiency of the allegations of atypical conditions of confinement, and its adoption of the Report-Recommendation on that basis, the Court has not considered Defendants' other objections. The Court notes that, as Magistrate Judge Baxter found, it is not clear what Plaintiff means when he states that he "lost" his "Merit Board" and his "Conditional Release." Dkt. No. 27, p. 21; *see* Dkt. No. 1, pp.8-10. The Court recognizes that inmates do not have a constitutional right to conditional release from prison prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 422 U.S. 1, 7 (1979); *see Abed v. Armstrong*, 209 F.3d 63, 66-67 (2d Cir. 2000) ("Although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where . . . prison officials have discretion to determine whether an inmate or class of inmates are eligible to earn good time credit.") (citation omitted); *Scarola v. Goord*, 266 A.D.2d 598, 599, 698 N.Y.S. 2d 60 (3d Dep't 1999) (finding that enactment of merit time legislation, N.Y. Corr. Law § 803, did not create a constitutionally protected liberty interest); *Lighthall v. Vadlamudi*, No. 9:04-CV-0721, 2006 WL 721568, **14-15, 2006 U.S. Dist. LEXIS 74734, *47 (Feb. 6, 2006) (same), *report recommendation adopted by* 2006 U.S. Dist. LEXIS 74737, (N.D.N.Y. March 17, 2006).

4

No. 1, pp. 4-5.[3]

A prisoner "has a liberty interest that is implicated by SHU confinement if it 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *J.S. v. T'Kach*, 714 F.3d at 106 (quoting *Sandin v. Conner*, 515 U.S. 472, 484, (1995)); *see also Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). In making this determination courts are to consider, "among other things, the duration and conditions of confinement." *J.S.*, 714 F. 3d at 106; *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009). The conditions of confinement are to be considered "in comparison to the hardships endured by prisoners in general population, as well as prisoners in administrative and protective confinement, assuming such confinements are imposed in the ordinary course of prison administration." *Davis*, 576 F.3d at 134; *Palmer*, 364 F.3d at 66 n.4.

Although the Second Circuit has "explicitly avoided" creating "a bright line rule that a certain period of SHU confinement automatically fails to implicate due process rights," the Court has established guidelines. *Palmer*, 364 F.3d at 65. Where the plaintiff is confined for "an intermediate duration –between 101 and 305 days – 'development of a detailed record' of the conditions of the confinement relative to ordinary prison conditions is required.'" *Id.* (quoting *Colon v. Howard*, 215 F.3d 227, 234 (2d Cir. 2000)).[4] While confinements for less than 101 days "under normal SHU conditions may not implicate a prisoner's liberty interest," such confinements "could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions of *Sealy* or a more fully developed record showed that

---

[3] The Court adopts and incorporates herein the facts set forth in the Report-Recommendation, none of which were the subject of an objection.

[4] A longer confinement under normal SHU conditions is "a sufficient departure from the ordinary incidents of prison life to require procedural due process protections." *Palmer*, 364 F.3d at 65.

even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Palmer*, 364 F.3d at 65; *see Davis*, 576 F.3d at 133.[5] "Disputes about conditions may not be resolved on summary judgment." *Davis*, 576 F.3d at 134 (quoting *Palmer*, 364 F.3d at 65). The district court may determine the issue of atypicality of confinement as a matter of law "[o]nly when the conditions are uncontested." *Id.*

In this case, the duration of the confinement, 90 days, "was not long enough to constitute an atypical and significant deprivation by itself," and the Court therefore must "look to the conditions of confinement." *Palmer*, 364 F.3d at 66; *see also Davis*, 576 F.3d at 133. Although there are no allegations regarding the conditions of Plaintiff's confinement in the body of the verified Complaint, Plaintiff detailed conditions of his confinement in his prayer for relief, in connection with his claim for damages. Dkt. No. 1, p. 10. Plaintiff alleges that he "was confined for 23 hours a day in a cell roughly 60 feet square for approximately 90 days with a cell mate who you must share 10 minute showers with, with no shower curtain, share an open toilet and sink and deprived of most of my personal property as well as the ability to work, attend mandatory program, watch television, attend out door [sic] recreation in a congregated setting with the ability to engage in sports and other congregate recreational activities, associate with other prisoners, attend meals with other prisoners, attend Jumah services, and extreme emotional

---

[5] The Second Circuit has noted that "[i]n the absence of a detailed factual record, we have affirmed dismissal of due process claims only in cases where the period of time spent in SHU was exceedingly short – less than the 30 days that the *Sandin* plaintiff spent in SHU—and there was no indication that the plaintiff endured unusual SHU conditions." *Palmer*, 364 F.3d at 65-66; *see Davis*, 576 F.3d at 133. Absent allegations in the complaint that the conditions of confinement were in some way atypical, however, many courts in this Circuit have granted motions to dismiss claims by plaintiffs with confinement exceeding thirty days when the plaintiffs failed to allege that the conditions of confinement were in some way atypical. *See*, *e.g.*, *Acevedo v. Fischer*, No. 12-CV-6866 RA, 2014 WL 5015470 at *15, 2014 U.S. Dist. LEXIS 139057, at *48 (S.D.N.Y. Sept. 29, 2014) (citing cases involving confinements of between forty and fifty days which were dismissed for failure to allege a protected liberty interest because there were no allegations of unusual confinement).

distress suffered by him due to the evil intentions, willful and malicious conduct, retaliation, discrimination as well as being denied basic rights to due process of law." Dkt. No. 1, p. 10.

Defendants argue, without citation, that the conditions described "are simply normal SHU conditions." Dkt. No. 29, p. 2  While the Court agrees that some of the conditions are normal SHU conditions, *see* N.Y. Comp. Codes R. & Regs. tit. 7, §§ 304.1-.14, 305.1-.6 (2016); *Palmer*, 364 F.3d at 65 n.3, the Court cannot make a determination at this stage of the litigation regarding the atypicality of Plaintiff's confinement.  It is not clear, for example, that the "deprivation of most of [plaintiff's] personal property" was a normal SHU condition.  *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 302.2 (e); *see also Palmer*, 364 F.3d at 62, 66 n.4  (affirming district court's denial of defendant's motion for summary judgment in a case involving SHU confinement for seventy-seven days when the plaintiff alleged that he was "not permitted any personal property (including his personal food, clothing and grooming and hygiene products), and was placed in restraints whenever he was escorted outside his cell" and was terminated from a program through which he had extended visits with his family).

Construing the pro se complaint liberally and to raise the strongest arguments it suggests, the Court concurs in Magistrate Judge Baxter's determination that "at this stage of the litigation, the court cannot determine whether a liberty interest was created based on the complaint alone," and that Defendant's motion to dismiss should be denied.  Dkt. No. 27, p. 23.  In so ruling, the Court expresses no opinion about whether this claim can withstand a properly filed motion for summary judgment.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 27) is

**ADOPTED** in all respects; and it is further

**ORDERED** that defendants' motion for partial summary judgment under Fed. R. Civ. P. 56 and for partial dismissal under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that defendants' motion for summary judgment as to the First Amendment retaliation claim against defendant Hamilton is **GRANTED,** and that the complaint is dismissed as against defendant Hamilton and insofar as it alleges a First Amendment retaliation claim; and it is further

**ORDERED** that defendant Hamilton is dismissed from this case; and it is further

**ORDERED** that defendants' motion to dismiss the due process claims against defendants Rufa, Prack and Hillenbrand is **DENIED;** and it is further

**ORDERED** that the Clerk of Court shall provide Plaintiff with copies of the unpublished decisions cited in this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

 **IT IS SO ORDERED.**

Brenda K. Sannes
U.S. District Judge

Dated: July 11, 2016
       Syracuse, New York