UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON SMITH,

                                         Plaintiff,

    vs.                                                                    9:15-CV-496
                                                                                 (BKS/ATB)

A. RUFA, et al.,

                                         Defendants.

---

JASON SMITH, Plaintiff pro se
KATIE E. VALDER, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Presently before this court is the defendants' motion to dismiss for lack of prosecution and/or for sanctions pursuant to Fed. R. Civ. P. 37(d) & 41(b). (Dkt. No. 47). Plaintiff has not responded in opposition to the motion. For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint if plaintiff fails to file meritorious objections to this Report-Recommendation, as discussed below.

## I.     Procedural History

Plaintiff filed this action on April 27, 2015, while incarcerated. (Dkt. No. 1). On July 27, 2015, Judge Sannes granted plaintiff's motion for in forma pauperis ("IFP") status, and conducted an initial screening of the complaint. (Dkt. No. 5). As a result, Judge Sannes allowed plaintiff's First Amendment retaliation and Fourteenth Amendment due process claims to proceed, and dismissed the remainder of plaintiff's

claims. (*Id.*) On November 6, 2015, defendants moved to dismiss plaintiff's due process claims pursuant to Fed. R. Civ. P. 12(b)(6), and for summary judgment pursuant to Fed. R. Civ. P. 56 as to plaintiff's retaliation claim. (Dkt. No. 12).  After being granted several extensions, plaintiff filed a response on January 26, 2016. (Dkt. No. 23).  On April 4, 2016, I issued a Report-Recommendation that the district court grant dismissal of plaintiff's retaliation claims, but deny the motion to dismiss the due process claims against defendants Rufa, Prack, and Hillenbrand. (Dkt. No. 27).  On July 12, 2016, Judge Sannes adopted my Report-Recommendation in its entirety. (Dkt. No. 32).

While that motion was pending, plaintiff notified the court that he had been released from prison, and provided his new address. (Dkt. No. 28).  On July 26, 2016, the remaining defendants filed their answer. (Dkt. No. 33).  On the same day, this court issued a Mandatory Pretrial Discovery and Scheduling Order ("MPSO"). (Dkt. No. 34). Pursuant to the MPSO, amended pleadings were due by November 27, 2016, joinder of parties was to be completed by November 27, 2016, the discovery deadline was January 27, 2017, and dispositive motions were to be filed by March 27, 2017. (*Id.*)  The MPSO also provided that the "defendant(s) are granted leave to take the deposition of plaintiff(s) . . . with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff(s) at least fifteen (15) days prior to the scheduled date for the deposition." (Dkt. No. 34 at 4).  The order further warned plaintiff that his failure to "attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (*Id.* at 5).  However, "[o]bjections made in good faith in accordance with governing rules are not prohibited." (*Id.*)  The MPSO contained other

2

important information about the discovery process and provided for mandatory disclosures by both sides to assist the parties in the conduct of discovery. (*Id.* at 1-6).

On September 20, 2016, defendants filed a notice indicating that plaintiff had been served with defendants' Rule 26 Disclosure. (Dkt. No. 35). On January 26, 2017, defendants filed a status report, and requested a thirty day extension of the discovery deadline for the limited purpose of taking plaintiff's deposition. (Dkt. No. 36). Defendants reported that plaintiff, who resided in New York City, had appeared approximately two hours late for his scheduled deposition in Albany, New York on December 7, 2016. (Dkt. No. 36, at 1). By the time that plaintiff had arrived, no court reporter was available. (*Id.*) Defendants also reported that plaintiff failed to appear for his rescheduled deposition on January 18, 2017. (Dkt. No. 36, at 2).

In response to plaintiff's request, this court extended the deadline for completion of discovery to February 28, 2017, for the limited purpose of taking plaintiff's deposition. (Dkt. No. 37). In the same text order, I warned plaintiff "that his failure to comply with his discovery obligations, including appearing for and participating in his deposition, and/or the failure to comply with the orders of this court may result in the imposition of sanctions, including possible dismissal of his action." (*Id.*) A copy of this text order was served on plaintiff via regular mail at his last known address. (*Id.*)

On February 27, 2017, defendants filed a letter request for sanctions and/or dismissal of the action due to plaintiff's failure to abide by this court's discovery orders. (Dkt. No. 38). Defendants advised the court that plaintiff had still not appeared for his deposition, and communications from plaintiff and his parole officer had been sporadic. The only direct communication from plaintiff was a voicemail on February 23, 2017, stating that he was "trying to get a travel pass now." (Dkt. No. 38, at 2). Plaintiff did

3

not leave a telephone number where he could be reached. (*Id*.)

This court scheduled a telephone conference for March 17, 2017 to address defendants' letter. In my text order, I warned plaintiff "that his failure to participate in the conference call, to comply with his discovery obligations and/or the orders of this court may result in the imposition of sanctions, including possible dismissal of his action." (Dkt. No. 39). A copy of this text order, along with the call-in information for the telephone conference, was served on plaintiff via regular mail. (*Id*.)

Despite this warning, plaintiff did not call in for the March 17, 2017 conference call, or notify the court that he was unavailable. (Dkt. No. 39). This court granted defendants leave to file a formal motion for sanctions or dismissal on or before May 5, 2017. (Dkt. No. 40). On April 21, 2017, plaintiff filed a letter with the court inquiring about the status of his case. (Dkt. No. 41). He did not provide any explanation for his failure to participate in the March 17, 2017 telephone conference. (*Id*.) In response to plaintiff's letter, the clerk's office provided him an updated copy of the docket sheet for this case.

On May 5, 2017, defendants filed a motion to dismiss this action for lack of prosecution. (Dkt. No. 43). Plaintiff filed a response on June 26, 2017, a month after his deadline to respond had expired. (Dkt. No. 44). Plaintiff, who characterized himself as a "ward of the state" due to his parole status, claimed that his parole officer had failed to inform him of his "legal mail" in connection with this proceeding. (Dkt. No. 44-1, at 3-4). Plaintiff also described difficulties in obtaining a travel pass from his parole officer, which had prevented him from traveling from New York City to Albany for the deposition. (*Id*. at 4). Finally, plaintiff claimed that his limited income from public assistance made it difficult to travel. (*Id*. at 4-5).

4

In light of plaintiff's response, this court scheduled a telephone conference for August 25, 2017 to address defendants' motions and plaintiff's alleged difficulties in appearing for his deposition. (Text Notice dated August 7, 2017).  A copy of this notice, along with a direction to provide the court with a current telephone number, was served on plaintiff via regular mail. (*Id.*).  Plaintiff never provided a telephone number to the court, and did not call in for the August 25, 2017 conference. (Dkt. No. 45).

On August 29, 2017, defendants withdrew their May 5, 2017 motion to dismiss, and filed a revised motion to dismiss that addressed plaintiff's most recent failure to participate in a court-ordered telephone conference. (Dkt. No. 47).  Plaintiff did not file a response to this motion, and has had no contact with the court since his letter filed June 26, 2017.

## II.     Discovery Sanctions/Failure to Prosecute

### A.     Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party.  Fed. R. Civ. P. 37(d)(1)(A)(I).  Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order.  The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990).  In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.*  The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal

5

with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.*  Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

**B.    Application**

Defendants have filed the Declaration of Assistant Attorney General ("AAG") Katie E. Valder in support of their motion to dismiss. (Dkt. No. 24-3).  AAG Valder has catalogued plaintiff's repeated failures to appear on time, or at all, despite defendants' numerous attempts to schedule and hold his deposition. (Dkt. No. 24-3 ¶¶ 8-30).

6

Plaintiff's repeated failures to provide the court with requested information and his failures to heed the warnings of the consequences of his failure to cooperate in this litigation are also apparent from a review of the docket in this case, as outlined above.

Based on the similar factors applicable to sanctions under Rules 37(d) and 41(b), this court recommends that plaintiff's complaint be dismissed. This court concludes that plaintiff's failure to cooperate with defendants' counsel and to comply with court orders was willful. Even if plaintiff's failure to timely appear at his first scheduled deposition on December could be excused by travel difficulties that were out of plaintiff's control, there is no apparent excuse for plaintiff's repeated lack of communication with defendants' counsel or this court, which have both made numerous attempts to resolve this issue without resorting to sanctions.[1]

The MPSO issued on July 26, 2016 clearly states that plaintiff is required to participate in his deposition, and that sanctions for failure to do so may include dismissal of the action. (Dkt. No. 34). The MPSO is a Court Order. Plaintiff was also warned of the consequences of noncompliance with his obligations in this litigation in my orders dated January 30, 2017 and March 1, 2017. (Dkt. Nos. 37, 39). Thus, he has been warned three separate times by this court that his failure to attend his deposition may result in dismissal of the action. The court is well-aware that dismissal is a harsh sanction that may be considered only after determining that lesser sanctions are not

---

[1] In prior pleadings, plaintiff indicated that his only income was public assistance of approximately forty-five dollars per month, making travel to Albany difficult. Plaintiff's financial difficulties do not excuse his repeated failures to communicate with defendants' counsel or this court in an attempt to resolve this issue short of dismissal. *See Quattlebaum v. McDonald*, No. 1:10-CV-1143 (MAD/RFT), 2012 WL 3876724, at *4 (N.D.N.Y. Feb. 6, 2012) (dismissing case where indigent plaintiff simply refused to comply with demand that he appear for deposition, instead of seeking alternate arrangements with counsel or the court).

appropriate. *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.2d 14, 24-25 (2d Cir. 2013) (quoting *Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions). In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition." *Id.* (citations omitted). Plaintiff has been given multiple opportunities to be heard in opposition to defendants' various motions for sanctions, and has not done so.

The record also shows that defendants have been prejudiced by this delay. In addition to the nine month delay in this proceeding, defendants have also incurred court reporter costs for the cancelled depositions on December 7, 2016 and January 18, 2017. (Dkt. No. 47-1, ¶ 40-41). Defendants provided invoices documenting these charges. (Dkt. No. 47-1, at 67, 69-70).

This court has considered lesser sanctions. On January 30, 2017, I ordered plaintiff to appear for a deposition on one of five dates in February 2017, to be agreed upon by the parties. (Dkt. No. 37). Plaintiff made little to no effort to comply with that order. Because plaintiff is IFP and has cited his financial difficulties since his release from prison, monetary sanctions would likely be ineffective.[2] Preclusion of his testimony would be tantamount to dismissal, thus, preclusion is not an appropriate sanction at this time. The court also notes that the instant motion has given plaintiff yet another opportunity to respond in opposition to the sanction of dismissal, or to respond

---

[2] For example, defendants have moved, in the alternative, for recovery of $152.80 in court reporter costs incurred as a result of the two cancelled depositions. (Dkt. No. 43-1, at 8).

in any way to defendants' allegations, but he has failed to do so.

Plaintiff has responded intermittently to correspondence from defendants' counsel and from this court, and confirmed his mailing address as recently as June 26, 2017. (Dkt. No. 44). Therefore, this court must presume that plaintiff has received the materials that defendants and the court sent him, including this motion to dismiss, but has willfully chosen to ignore them. It appears that plaintiff has chosen to abandon this action in addition to abandoning his deposition. However, in fairness to the pro se plaintiff, this court will recommend that the District Judge dismiss this action pursuant to Fed. R. Civ. P. 37 and 41 *if plaintiff fails to file meritorious objections to this Report-Recommendation within the time allotted to do so.* If plaintiff ignores this Recommendation, then it is clear that he has no interest in pursuing this action. If plaintiff files objections to the Recommendation, then the court may, if it deems appropriate, refer the case back to me to determine whether a lesser sanction under Rule 37 would be appropriate.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss (Dkt. No. 47) be **GRANTED**, and the complaint **DISMISSED WITH PREJUDICE**, unless plaintiff files meritorious objections within the time allotted below, and if plaintiff files such objections, and the District Court deems it appropriate, it is

**RECOMMENDED**, that the case be referred to me for consideration of an alternative sanction.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk

9

of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:     October 2, 2017

Hon. Andrew T. Baxter
U.S. Magistrate Judge