## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

JASON SMITH,

                              Plaintiff,

            vs.                                          9:15-CV-496
                                                         (BKS/ATB)
A. RUFA, et al.,

                              Defendants.

JASON SMITH, Plaintiff pro se
KATIE E. VALDER, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

### REPORT-RECOMMENDATION

Defendants' motion to dismiss for lack of prosecution and/or for sanctions pursuant to Fed. R. Civ. P. 37(d) & 41(b) has been referred back to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). (Dkt. No. 50). As directed, this court has considered whether lesser sanctions would an effective remedy to plaintiff's repeated non-compliance with his discovery obligations and related court orders. This non-compliance includes plaintiff's failure to participate in a December 21, 2017 telephone conference to address the issue. For the following reasons, this court concludes that alternative sanctions, such as monetary penalties, would be ineffective. Therefore, this court recommends dismissal of the complaint with prejudice.

## I.    **Procedural History**

Plaintiff filed this action on April 27, 2015, while incarcerated. (Dkt. No. 1). On July 27, 2015, Judge Sannes granted plaintiff's motion for in forma pauperis ("IFP")

status, and conducted an initial screening of the complaint. (Dkt. No. 5).  As a result,

Judge Sannes allowed plaintiff's First Amendment retaliation and Fourteenth

Amendment due process claims to proceed, and dismissed the remainder of plaintiff's

claims. (*Id*.)  On November 6, 2015, defendants moved to dismiss plaintiff's due

process claims pursuant to Fed. R. Civ. P. 12(b)(6), and for summary judgment

pursuant to Fed. R. Civ. P. 56 as to plaintiff's retaliation claim. (Dkt. No. 12).  After

being granted several extensions, plaintiff filed a response on January 26, 2016. (Dkt.

No. 23).  On April 4, 2016, I issued a Report-Recommendation that the district court

grant dismissal of plaintiff's retaliation claims, but deny the motion to dismiss the due

process claims against defendants Rufa, Prack, and Hillenbrand. (Dkt. No. 27).  On July

12, 2016, Judge Sannes adopted this Report-Recommendation in its entirety. (Dkt. No.

32).

While that motion was pending, plaintiff notified the court that he had been

released from prison, and provided his new address. (Dkt. No. 28).  On July 26, 2016,

the remaining defendants filed their answer. (Dkt. No. 33).  On the same day, this court

issued a Mandatory Pretrial Discovery and Scheduling Order ("MPSO"). (Dkt. No. 34).

Pursuant to the MPSO, amended pleadings were due by November 27, 2016, joinder of

parties was to be completed by November 27, 2016, the discovery deadline was January

27, 2017, and dispositive motions were to be filed by March 27, 2017. (*Id.*)  The MPSO

also provided that the "defendant(s) are granted leave to take the deposition of

plaintiff(s) . . . with notice of the date of the deposition in the form provided in Rule

30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff(s)

at least fifteen (15) days prior to the scheduled date for the deposition." (Dkt. No. 34 at

4).  The order further warned plaintiff that his failure to "attend, be sworn, and answer

2

appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." (*Id*. at 5). However, "[o]bjections made in good faith in accordance with governing rules are not prohibited." (*Id.*) The MPSO contained other important information about the discovery process and provided for mandatory disclosures by both sides to assist the parties in the conduct of discovery. (*Id.* at 1-6).

On September 20, 2016, defendants filed a notice indicating that plaintiff had been served with defendants' Rule 26 Disclosure. (Dkt. No. 35). On January 26, 2017, defendants filed a status report, and requested a thirty day extension of the discovery deadline for the limited purpose of taking plaintiff's deposition. (Dkt. No. 36). Defendants reported that plaintiff, who resided in New York City, had appeared approximately two hours late for his scheduled deposition in Albany, New York on December 7, 2016. (Dkt. No. 36, at 1). By the time that plaintiff had arrived, no court reporter was available. (*Id*.) Defendants also reported that plaintiff failed to appear for his rescheduled deposition on January 18, 2017. (Dkt. No. 36, at 2).

In response to plaintiff's request, this court extended the deadline for completion of discovery to February 28, 2017, for the limited purpose of taking plaintiff's deposition. (Dkt. No. 37). In the same text order, I warned plaintiff "that his failure to comply with his discovery obligations, including appearing for and participating in his deposition, and/or the failure to comply with the orders of this court may result in the imposition of sanctions, including possible dismissal of his action." (*Id*.) A copy of this text order was served on plaintiff via regular mail at his last known address. (*Id*.)

On February 27, 2017, defendants filed a letter request for sanctions and/or dismissal of the action due to plaintiff's failure to abide by this court's discovery orders. (Dkt. No. 38). Defendants advised the court that plaintiff had still not appeared

for his deposition, and communications from plaintiff and his parole officer had been sporadic.  The only direct communication from plaintiff was a voicemail on February 23, 2017, stating that he was "trying to get a travel pass now." (Dkt. No. 38, at 2).  Plaintiff did not leave a telephone number where he could be reached. (*Id*.)

This court scheduled a telephone conference for March 17, 2017 to address defendants' letter.  In my text order, I warned plaintiff "that his failure to participate in the conference call, to comply with his discovery obligations and/or the orders of this court may result in the imposition of sanctions, including possible dismissal of his action." (Dkt. No. 39).  A copy of this text order, along with the call-in information for the telephone conference, was served on plaintiff via regular mail. (*Id*.)

Despite this warning, plaintiff did not call in for the March 17, 2017 conference call, or notify the court that he was unavailable. (Dkt. No. 39).  This court granted defendants leave to file a formal motion for sanctions or dismissal on or before May 5, 2017. (Dkt. No. 40).  On April 21, 2017, plaintiff filed a letter with the court inquiring about the status of his case. (Dkt. No. 41).  He did not provide any explanation for his failure to participate in the March 17, 2017 telephone conference. (*Id*.)  In response to plaintiff's letter, the clerk's office provided him an updated copy of the docket sheet for this case.

On May 5, 2017, defendants filed a motion to dismiss this action for lack of prosecution. (Dkt. No. 43).  Plaintiff filed a response on June 26, 2017, a month after his deadline to respond had expired. (Dkt. No. 44).  Plaintiff, who characterized himself as a "ward of the state" due to his parole status, claimed that his parole officer had failed to inform him of his "legal mail" in connection with this proceeding. (Dkt. No. 44-1, at 3-4).  Plaintiff also described difficulties in obtaining a travel pass from his

parole officer, which had prevented him from traveling from New York City to Albany for the deposition. (*Id*. at 4). Finally, plaintiff claimed that his limited income from public assistance made it difficult to travel. (*Id*. at 4-5).

In light of plaintiff's response, this court scheduled a telephone conference for August 25, 2017 to address defendants' motions and plaintiff's alleged difficulties in appearing for his deposition. (Text Notice dated August 7, 2017). A copy of this notice, along with a direction to provide the court with a current telephone number, was served on plaintiff via regular mail. (*Id*.). Plaintiff never provided a telephone number to the court, and did not call in for the August 25, 2017 conference. (Dkt. No. 45).

On August 29, 2017, defendants withdrew their May 5, 2017 motion to dismiss, and filed a revised motion to dismiss that addressed plaintiff's most recent failure to participate in a court-ordered telephone conference. (Dkt. No. 47). Plaintiff did not file a response to this motion.

On October 2, 2017, I recommended that defendants' motion to dismiss be granted, and the complaint dismissed with prejudice, unless plaintiff timely filed meritorious objections with the district court. (Dkt. No. 48). A copy of my Report-Recommendation was served on plaintiff via regular and certified mail. (*Id*.) Plaintiff presumably received this Report-Recommendation, because he timely filed an objection on October 18, 2017. (Dkt. No. 49).

In his objection, plaintiff repeated his previous assertions of financial difficulties and inadequate communication from his parole officer as the reasons for his failure to appear at his deposition. (*Id*.) Plaintiff also asserted that he had made "several" unspecified attempts to communicate with defendants' counsel via correspondence and telephone. (*Id*.) Plaintiff also advised that he had "arranged a more effective way of

5

receiving his correspondence" and pledged that he was "more than willing to comply and go forward with this matter." (*Id*.)  Plaintiff did not explain the reasons for his repeated failures to participate in this court's scheduled telephone conferences.

On November 29, 2017, Judge Sannes adopted the facts set forth in my October 2, 2017 Report-Recommendation in their entirety. (Dkt. No. 50).  In light of plaintiff's objection, Judge Sannes also adopted my recommendation that the matter be referred back to me to determine whether a lesser sanction could be substituted for dismissal. (*Id*.)  On November 29, 2017, I scheduled a telephone conference, to be held on December 21, 2017 at 1:30 p.m., to allow plaintiff a further opportunity to explain his repeated failures to comply with the court's prior directives and orders.  (Dkt. No. 51). In the scheduling order, I also instructed plaintiff to provide the court with his current telephone number. (*Id*.)  Notice of this order was served on plaintiff by regular and certified mail.  Neither mailing was returned as undeliverable.  The United States Postal Service provided notice that the certified mailing was picked up in person at the post office on December 23, 2017. (Dkt. No. 52).

Plaintiff never provided a current telephone number, and failed to call in to the December 21, 2017 conference call. (Text Minute Entry dated December 21, 2017). Although the United States Postal Service has indicated that the certified mailing was picked up two days after the scheduled call, plaintiff has made no apparent effort to contact the court to explain his absence, through the date of this Report-Recommendation.

## II.    Discovery Sanctions/Failure to Prosecute

### A.    Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual

fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(I). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further

7

delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

### B.    Application

In deference to plaintiff's pro se status, both this court and Judge Sannes left open the possibility of lesser sanctions if plaintiff offered meritorious reasons for his repeated failures to comply with his discovery obligations and this court's orders. (Dkt. No. 48, 50). Because plaintiff failed to participate in the scheduled December 21, 2017 telephone conference, he likewise failed to identify meritorious justification for his repeated non-compliance.

Plaintiff's timely objections to my October 2, 2017 Report-Recommendation, and his other intermittent correspondence to defendants and this court, demonstrate that plaintiff understands his responsibilities in this litigation, and the potential consequences if he fails to meet them. (Dkt. No. 44, 49). Therefore, this court must conclude that plaintiff's repeated failure to comply with court orders is willful. As outlined above, plaintiff has not only been repeated warned of the consequences of noncompliance, but he has also been offered multiple opportunities to be heard regarding this issue. (Dkt. No. 34, 37, 39, 51). Plaintiff has repeatedly failed to acknowledge those opportunities, let alone take advantage of them.

Most tellingly, plaintiff ignored my November 29, 2017 order that scheduled a telephone conference in response to his objection to my earlier Report-Recommendation, and was intended to provide plaintiff an opportunity to explain why

8

his complaint should not be dismissed. (Dkt. No. 51). That order clearly set forth the potential consequences for continued non-compliance, stating in bold capital letters that:

> **PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER OR TO PARTICIPATE IN THE TELEPHONE CONFERENCE AS DIRECTED WILL RESULT IN A RENEWED RECOMMENDATION THAT PLAINTIFF'S ACTION BE DISMISSED FOR FAILURE TO PROSECUTE.**

(*Id.*)

In addition, plaintiff's continued non-responsiveness has delayed this proceeding and prejudiced the defendants, as discussed in my October 2, 2017 Report-Recommendation. (Dkt. No. 48, at 8). Defense counsel has been trying to conduct plaintiff's deposition since December 2016, and has had to file two letter requests and two motions to dismiss addressing plaintiff's repeated failure to comply with the court's various discovery orders and directives. (Dkt. Nos. 36, 38, 43, 47). Therefore, this court must recommend dismissal with prejudice, because no other sanction would be effective. In reaching this conclusion, this court is sensitive to plaintiff's pro se status. However, as other courts have noted:

> there are many pro se plaintiffs who appear before the Court and the overwhelming majority of them manage to comply with the Court's directives and prosecute their claims in a timely fashion. To permit plaintiff's case to proceed despite his complete disregard for the reasonable directives of the Court would eviscerate the semblance of any procedural standards for pro se plaintiffs.

*Evchich v. Sullivan,* No. 04-CV-510S, 2009 WL 349169, at *5 (W.D.N.Y. Feb. 9, 2009)

Accordingly, it is recommended that defendants' motion be granted, and that the District Court dismiss this action with prejudice, pursuant to Fed. R. Civ. P. 37 and 41.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss (Dkt. No. 47) be

**GRANTED**, and the complaint **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk

of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS**

**WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d

Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d

Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  January 3, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge